IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| DANIEL P. DEEMS and JENNIFER DEEMS, <br><br> Plaintiffs, <br><br> v. <br><br> COLGATE-PALMOLIVE COMPANY, INDIVIDUALLY AND AS SUCCESSOR IN INTEREST TO THE MENNEN COMPANY; <br><br> and <br><br> JOHN DOES 1-10, <br><br> Defendants. | CIVIL ACTION FILE <br><br> NO. _____ |

## NOTICE OF REMOVAL

Defendant Colgate-Palmolive Company, Individually And As Successor In Interest To The Mennen Company ("Defendant"), by special appearance, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby gives notice of the removal of the civil action known as *Daniel P. Deems and Jennifer Deems v. Colgate-Palmolive Company, Individually And As Successor In Interest To The Mennen Company, et. al.*, Case No. 19CI00421 (the "Superior Court Action"), from the Superior Court

of Whitfield County to the United States District Court for the Northern District of Georgia, Rome Division, and in support thereof, state as follows:

## BACKGROUND

1.

Plaintiffs Daniel P. Deems and Jennifer Deems ("Plaintiffs") filed the Superior Court Action on March 25, 2019. A copy of Plaintiffs' Complaint along with all Superior Court filings now appearing of record are attached hereto as Exhibit A.

2.

Defendant was served with the summons and a copy of the Complaint on April 2, 2019. This Notice of Removal is filed within 30 days after receipt through service of the Complaint setting forth the claims for relief upon which this action is based and, therefore, it is timely within the provisions of 28 U.S.C. §1446(b).

## GROUNDS FOR REMOVAL
## DIVERSITY JURISDICTION

3.

Plaintiffs are citizens of the state of Florida. (Complaint, ¶ 7).

4.

Defendant is a Delaware corporation with its principal place of business in New York. (Complaint, ¶ 10).

5.

The citizenship of "John Does" are disregarded for purposes of removal. 28 U.S.C. § 1441(b).

6.

Complete diversity of citizenship exists between the parties.

7.

Removal is also appropriate because the amount in controversy exceeds $75,000.00.

8.

Plaintiffs do not assert a specific value for its claims on the face of the Complaint. In such situations, removal is still proper if it is "facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." *Id.* (citing 16 James Wm. Moore et al., *Moore's Federal Practice* § 107.14[2][g], at 107–86.4 to 107–86.5 (3d ed. 2010)) ("When determining if the defendant has satisfied this burden [to establish jurisdiction by a preponderance of the evidence], the court will

consider first whether it is facially apparent from the complaint that the jurisdictional amount is in controversy. If it is not, the court may consider facts alleged in the notice of removal, judicial admissions made by the plaintiffs, non-sworn letters submitted to the court, or other summary judgment type evidence that may reveal that the amount in controversy requirement is satisfied.").

9.

Plaintiff asserts claims for negligence, products liability and punitive damages related to Plaintiff Daniel Deems' alleged diagnosis of malignant mesothelioma, which Plaintiffs allege was caused by Plaintiff Daniel Deems' exposure to asbestos-containing products manufactured or supplied by Defendant. (*See generally* Compl.).  Plaintiff Daniel Deems is now deceased.

10.

Based on these facts, a reasonable reading of the Complaint confirms that the value of damages sought by Plaintiffs exceeds the $75,000.00 jurisdictional threshold.

11.

Venue for removal of this action to this Court is proper because it is the district court of the United States for the district and division in which the state

civil action being removed is pending within the meaning of 28 U.S.C. § 1441 and § 1446(a).

12.

A copy of the Notice of Removal will be contemporaneously filed with the Superior Court of Whitfield County, Georgia.  A copy of the Notice of Filing of Notice of Removal with Whitfield County Superior Court which omits the exhibits thereto is attached as <u>Exhibit B</u>.

WHEREFORE, Defendant respectfully requests that the entire action referred to hereinabove proceed in the United States District Court for the Northern District of Georgia, Rome Division, and that no further proceeding be held in said case in the Superior Court of Whitfield County, Georgia.

This 30th day of April, 2019.

                                                        /s/ Holly Hempel
                                                       Holly A. Hempel
                                                       Georgia Bar No. 345070
                                                       Jessica Watson
                                                       Georgia Bar No. 760076

                                                       *Counsel for Defendants*

NELSON MULLINS RILEY &
SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050

holly.hempel@nelsonmullins.com
jessica.watson@nelsonmullins.com

## **CERTIFICATE OF COMPLIANCE**

The undersigned counsel certifies that the foregoing pleading has been prepared with 14 point Times New Roman font, which is one of the fonts and point selections approved by the Court in LR 5.1C, NDGa.

>/s/ *Holly A. Hempel*
>Holly A. Hempel
>Georgia Bar No. 345070
>Jessica Watson
>Georgia Bar No. 760076

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the within and foregoing **DEFENDANTS' NOTICE OF REMOVAL** by U.S. Mail and by filing a copy of the same on the CM/ECF system:

> Sharon J. Zinns
> Beasley Allen Law Firm
> 4200 Northside Pkwy NW
> Building One, Suite 100
> Atlanta, GA 30327
>
> *Counsel for Plaintiff*

This 30th day of April, 2019.

> /s/ Holly Hempel
> Holly A. Hempel
> Georgia Bar No. 345070
> Jessica Watson
> Georgia Bar No. 760076
>
> *Counsel for Defendants*

NELSON MULLINS RILEY &
SCARBOROUGH LLP
201 17th Street NW, Suite 1700
Atlanta, GA  30363
Telephone: (404) 322-6000
Facsimile: (404) 322-6050
holly.hempel@nelsonmullins.com
jessica.watson@nelsonmullins.com